RECEIVED
IN MONROE, LA

JAN 14 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CNH CAPITAL AMERICA, LLC         CIVIL ACTION NO. CV07-0611

VERSUS

WILMOT FARMING VENTURES, L.L.C.,     JUDGE JAMES
ARKLA FARMING VENTURES, L.L.C.,
WILMOT FLYING SERVICE, L.L.C., AND
JEFFREY H. MORRIS                          MAGISTRATE JUDGE HAYES

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants, Wilmot Farming Ventures, L.L.C., Arkla Farming Ventures, L.L.C., Wilmot Flying Service, L.L.C., and Jeffrey H. Morris, submit this memorandum in opposition to the Motion for Summary Judgment of CNH Capital America, LLC ("CNH").

I.
INTRODUCTION

The Plaintiff filed suit to collect balances owed under contracts executed between Scott Tractor Company and defendants. The contracts relate to the sale of agricultural equipment manufactured by Case New Holland (CNH) and sold locally through its authorized dealer, Scott Tractor Co., L.L.C. ("Scott Tractor").

For several years prior to the transaction giving rise to the instant lawsuit, the defendant companies had acquired various pieces of Case equipment from Case's dealer, Scott Tractor. As set forth in the pleadings, Scott Tractor extended a program to various customers, including the defendants, whereby the customer would have the option, if it purchased the Case equipment, to either opt out of the sales contract within a certain time frame by returning the equipment or to continue under the terms of the contract.

The contracts in issue are three (3) among various others under which defendants acquired Case equipment from Scott Tractor. On the other contracts, defendants either opted out, returned the Case equipment and received notice from CNH that the retail installment contracts (identical to those in issue) were paid, or continued with the terms of the contract.

As to the contracts at issue, Defendants returned the Case equipment to CNH's agent, Scott Tractor. CNH then undertook to institute collection under the contracts, effecting a sale of the collateral and filing suit for the deficiencies.

CNH seeks summary judgment against all defendants for the deficiency balances, attorney's fees and interest.

## II.
## AUTHORITY AND ARGUMENT

**A. Standard for Granting Motion for Summary Judgment and Choice of Law:**

The authority cited by Plaintiff correctly sets forth the applicable standards for the rendition of summary judgment.

Louisiana law governs this case.

**B. The modifications of the contract were valid.**

The plaintiff's' Corporate Disclosure Statement reflects that it is 100% owned by Case New Holland, Inc. Scott Tractor Co., LLC., is the authorized dealer for sales of Case agricultural equipment. See **Affidavit of Larry Williams**. All of the equipment acquired by defendants under the business agreements at issue were manufactured by Case. See **Exhibits 1, 3 to Complaint**. When the defendants exercised their equipment return option, the equipment was returned to Scott Equipment, Plaintiff's agent. **See Complaint, Paragraph 22, 23, 31, 34, Answer, Paragraph 19, 20 26, and 27.**

CNH's argument is predicated primarily on its asserted lack of knowledge of the equipment return option. As set forth in the Affidavit of Larry Williams, plaintiff CNH and Case New Holland were both aware of the one year return agreements and financially benefitted from the same. **Affidavit of Larry Williams Paragraph 13.** Furthermore, Plaintiff's business records reflect that it dealt with one year returns other Case equipment purchase by defendants from Scott Tractor. **See Affidavit of Larry Williams, Sr.**

There is no dispute that all of the contracts in issue were modified, in writing, and signed, by Plaintiff's agent, Scott Tractor. Under La. 10:9-405(a), modification of an assigned contract are valid against the assignee to the extent that the right to payment has not been fully earned by performance or the right to payment had been earned by performance and the account debt had not received notification of the assignment. Defendants submit that at the time Scott Tractor, Case's authorized agent, extended the modifications, the right to payment had <u>not</u> been fully earned. The modifications were extended at the time of consummation of the sales contract. Thus, the written modification is valid against the assignee (Plaintiff).

A genuine issue of fact exists as to whether the right to payment had been fully earned.

**C.** Whether the sale of the Case equipment (collateral) was commercially reasonable.

Plaintiff asserts that the sale of the Case equipment was commercially reasonable. The only factual to support to these allegations is the statement of CNH's affiant that CNH Capital sold the equipment "in a commercially reasonable manner." Larry Williams, opines that there is no reason that there would be a deficiency if the equipment had been sold in a commercially reasonable manner. **Affidavit of Larry Williams, Sr.**

A genuine issue of material fact exists as to whether the sale of the equipment was commercially reasonable.

## CONCLUSION

For all the reasons set forth above, Defendants assert that Summary Judgment is not warranted.

Respectfully submitted,

_____
JOHN G. SPIRES (#22212)
Attorney at Law

218 W. Davenport Avenue
P.O. Drawer 551
Mer Rouge, Louisiana 71261
Tel: (318) 647-9915
Fax: (318) 647-9914

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing document, with all attachments, has been served upon R. Joseph Naus, Attorney for Plaintiff, P.O. Box 21990, Shreveport, Louisiana, 71120-1990.

_____
John G. Spires