RECEIVED
IN MONROE, LA

JAN 1 4 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

CNH CAPITAL AMERICA, LLC

CIVIL ACTION NO. CV07-0611

VERSUS

WILMOT FARMING VENTURES, L.L.C.,
ARKLA FARMING VENTURES, L.L.C.,
WILMOT FLYING SERVICE, L.L.C., AND
JEFFREY H. MORRIS

JUDGE JAMES

MAGISTRATE JUDGE HAYES

## AFFIDAVIT OF LARRY D. WILLIAMS, SR.

BEFORE ME, the undersigned Notary Public, came and appeared LARRY D. WILLIAMS,

SR., who after being duly sworn, stated that:

1.

I currently own and operate Louisiana-Arkansas Equipment Company in Bastrop, Louisiana.

During the 2004 and part of 2005, I was the store manager for the Scott Tractor Company ("Scott

Tractor") store located in Bastrop, Louisiana. I also supervised two of Scott Tractor's stores in

Arkansas and was a primary salesman for Scott Tractor's stores. I have been an equipment salesman

for more than twenty (20) years and I have performed numerous appraisals for customers, companies

and financial institution in northeast Louisiana.

2.

I am familiar with the financing arrangements that Scott Tractor made with Case Credit

Corporation ("Case Credit"), the predecessor to CNH Capital America LLC ("CNH Capital"), to

finance purchases of farm equipment by customers of Scott Tractor. I am familiar with the

documents that were executed in connection with Case Credit's financing of farm equipment by

customers of Scott Tractor. I executed many such documents of behalf of Scott Tractor.

3.

During the years 2002, 2003, and 2004, Scott Tractor experienced a downturn in business and was taking steps to improve its sales. With the approval of my superiors at Scott Tractor, I entered into agreements with purchasers of Scott Tractor equipment who financed their purchases with Case Credit.

4.

In an effort to improve sales, Scott Tractor gave certain customers the option of returning the farm equipment to Scott Tractor in twelve months or a period of months after purchase or continuing with the terms of their contracts. If the customer returned the equipment, Scott Tractor paid the debt on the customer's note with Case Credit. Case and Case New Holland were aware of the option agreements.

5.

I have examined a copy of the "Retail Installment Sale Contract and Security Agreement (Fixed Rate) Louisiana," Credit Application No. 97925-A, between Scott Tractor and Wilmot Farming Ventures, L.L.C. ("Wilmot"), dated October 11, 2004 (the "October 11 Contract"), attached to the Complaint as **Exhibit** 1.

6.

I also have examined a copy of the "Retail Installment Sale Contract and Security Agreement (Fixed Rate) Louisiana," Credit Application No. 97901-A, between Scott Tractor and Wilmot, dated November 22, 2004 (the "November 22 Contract"), attached to the Complaint as **Exhibit 1**.

7.

I also have examined a copy of the "Retail Installment Sale Contract and Security Agreement (Fixed Rate) Louisiana," Credit application No. 97902-A, between Scott Tractor and Arkla Farming

Ventures, L.L.C. ("Arkla"), dated November 22, 2004, ("Arkla Contract"), attached to the Complaint as **Exhibit 3**.

8.

I negotiated all three contracts and signed each of them on behalf of Scott Tractor and Case Credit. When the contract was negotiated, it would be submitted to Case for approval.

9.

I also have examined copies of three letters: (1) Letter dated October 10, 2004, signed by me and addressed to Wilmot Farming Ventures, a true and correct copy of which is attached to this Affidavit as **Exhibit 1** ("October 10 Wilmot Letter"); (2) Letter dated November 22, 2004, signed by me and addresses to Wilmot, a true and correct copy of which is attached to this Affidavit as **Exhibit 2** (November 22 Wilmot Letter"); and (3) Letter dated November 22, 2004, signed by me and addresses to Arkla, a true and correct copy of which is attached to this Affidavit as **Exhibit 3** ("Arkla Letter").

10.

Each of the letters attached to this affidavit as **Exhibits 1, 2 and 3** relates to a retail sales and financing agreement with Scott Tractor. The October 10 Wilmot Letter attached as **Exhibit 1** relates to the October 11 Wilmot Contract; the November 22 Wilmot Letter attached as **Exhibit 2** relates to the November 22 Wilmot Contract; and the Arkla Letter attached as **Exhibit 3** relates to the Arkla Contract.

11.

I wrote and signed each of the letters attached to this affidavit as **Exhibits 1, 2, and 3**. By means of each letter, acting on behalf of Scott Tractor, I gave Wilmot and Arkla the option of returning the equipment described in each letter within a certain period of time.

12.

Each of these letters contain identical terms of letters I wrote to Arkla and Wilmot on other occasions relating to other equipment under other retail sales and financing agreements between Arkla, Wilmot and Case Credit, as shown in Exhibits 4 and 5. On each of these equipment contracts, Arkla and/or Wilmot returned the to Scott Tractor and Scott tendered payment to Case Credit.

13.

I personally did not deliver any of the letters to Case Credit and I have no knowledge as to whether or not they were ever, in fact, received by Case Credit. However, on numerous occasions, I personally spoke with representatives of Case New Holland, and discussed the fact that the contracts for Arkla and Wilmot, and numerous other customers of Case and/or Scott Tractor, were for one year. In particular, Case's salesman, Mark Hitchcock, was aware that Scott Tractor was tendering the one-year out on a large number of its Case equipment sales, all of which, in my opinion, resulted in financial benefit to Scott Tractor and Case New Holland. During this time, this was a customary means by which Scott moved Case New Holland equipment.

14.

I have reviewed the Notices of Deficiency attached to the Complaint. I am of the opinion that the re-sales of the equipment subject to the contracts listed above, were **not commercially reasonable** and I personally have advised CNH, its counsel and investigators that the re-sale prices were far below what should have been received in a commercially reasonable sale. This is best exemplified by the re-sales of other Case New Holland equipment previously sold to Arkla and Wilmot by Scott Tractor on Case Credit contracts with the same one year out agreement. The resales of these pieces of equipment satisfied the balances due on the Case retail contracts. The resale of one year old agricultural equipment should not have resulted in any deficiency on either contract..

By: _____
Larry D. Williams, Sr.

SWORN TO AND SUBSCRIBED BEFORE ME, A Notary Public, this ___ day of

_____, 2008.

_____

Printed Name: _____

Notary No. _____
State of Louisiana
My Commission Is For Life